[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14300
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-00416-WBH-GGB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ESTEBAN ALCAPONE ROSARIO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 4, 2013)

Before DUBINA, Chief Judge, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Esteban Alcapone Rosario appeals his conviction for knowingly making a material false statement in a matter within the jurisdiction of the Transportation Security Administration (TSA) and the Federal Air Marshal Service, in violation of 18 U.S.C. § 1001.  On appeal, Rosario argues that the government presented insufficient evidence that the false statement made to the Federal Air Marshal, concerning the actual number of guns in his luggage, was "material," and, thus, the district court should have granted his Federal Rule of Criminal Procedure 29 motion and his motion for judgment notwithstanding the verdict.

"We review both a challenge to the sufficiency of the evidence and the denial of a Rule 29 motion for judgment of acquittal *de novo*."  *United States v. Gamory*, 635 F.3d 480, 497 (11th Cir.), *cert. denied*, 132 S. Ct. 826 (2011).  In considering the sufficiency of the evidence, we ask whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  We resolve all reasonable inferences in favor of the jury's verdict.  *Id.*

To sustain a conviction under 18 U.S.C. § 1001 for making a false statement to a federal government agency, we must find that the government offered enough evidence to prove beyond a reasonable doubt: "(1) that the defendant made a false statement; (2) that the statement was material; (3) that the defendant acted with

2

specific intent to mislead; and (4) that the matter was within the purview of a federal government agency." *United States v. McCarrick*, 294 F.3d 1286, 1290 (11th Cir. 2002). Rosario only challenges the second element, the materiality of his false statement.

The question of materiality must be submitted to the jury. *United States v. Gaudin*, 515 U.S. 506, 522–23, 115 S. Ct. 2310, 2320 (1995). Determining whether a statement is material involves the consideration of "at least two subsidiary questions of purely historical fact: (a) 'what statement was made?' and (b) 'what decision was the agency trying to make?' The ultimate question: (c) 'whether the statement was material to the decision,' requires applying the legal standard of materiality . . . to these historical facts." *Id.* at 512, 115 S. Ct. at 2314. To be material, the statement "must have a natural tendency to influence, or be capable of influencing, the decision of the decisionmaking body to which it was addressed." *Id.* at 509, 115 S.Ct. at 2313 (internal quotation marks and alterations omitted). "The government is not required to prove that the statement had actual influence." *United States v. Boffil–Rivera*, 607 F.3d 736, 741 (11th Cir. 2010).

We conclude from the record here that the government presented sufficient evidence to justify the district court's denial of Rosario's Rule 29 motion for a judgment of acquittal, and to convict Rosario of making a material false statement to a Federal Air Marshal regarding the number of firearms in his luggage.

3

Testimony established that TSA requires all passengers to declare all firearms in order to protect the security of airports and aircraft, and that undeclared firearms present security concerns such as the possible placement of loaded firearms on an aircraft. Further, considering all the evidence in the light most favorable to the government, a rational factfinder could have found the essential element of materiality beyond a reasonable doubt. A reasonable jury could conclude that a false statement as to the number of guns in a bag had the potential to influence a Federal Air Marshal and the TSA in deciding how and whether to further investigate Rosario and his luggage. As corroborated by testimony at trial, although there is no limit to the number of weapons a passenger may bring aboard, at some point the number could become suspicious and worthy of investigation. Thus, Rosario's false statement was at least capable of influencing a federal government agency. *See* id. at 741–42 (requiring the government to prove only that a false statement is capable of influencing a federal agency, not that it actually influenced the agency). Accordingly, we affirm Rosario's conviction.

**AFFIRMED.**